2007 BNH 008
_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 05-15295-MWV |
| | Chapter 11 |
| Howard J. Wunderlich, | |
|         Debtor | |
| | |
| James Moran, | |
|         Plaintiff | |
| | |
| v. | Adv. No. 06-1183-MWV |
| | |
| Howard J. Wunderlich, | |
|         Defendant | |

*James Moran,*
*Pro se*

*Arthur O. Gormley, III, Esq.*
*GORMLEY & GORMLEY, P.C.*
*Attorney for Defendant*

### MEMORANDUM OPINION

James Moran (the "Plaintiff") filed a motion for summary judgment on Counts I, III, and VI of his amended complaint. Each count seeks denial of Howard J. Wunderlich's (the "Defendant") Chapter 7 discharge under section 727.[1] The Defendant filed an objection, and the Court took the matter under advisement after oral arguments at an October 3, 2006, hearing.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy

---

[1] All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. § 101, et seq.

Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

The following facts are undisputed. The Defendant is an attorney who practiced law in New York from 1987 until 2005. In 2003, the Plaintiff sued the Defendant for legal malpractice related to the Chapter 11 bankruptcy case involving a company owned by the Plaintiff. Default judgment was entered against the Defendant in September 2004, and the Plaintiff was awarded $348,266.39. Soon thereafter, seeking to collect on the judgment, the Plaintiff caused a bank account of the Defendant to be frozen. In October 2004, the parties entered into a stipulation providing that the Defendant would pay $10,000 toward the judgment debt and, in consideration, the Plaintiff would cease collection activities for one year (unless the Defendant filed for bankruptcy relief) and would release the frozen bank account. By executing the stipulation, the Defendant also agreed to act in good faith in resolving the matter, be deposed by the Plaintiff, and to "not encumber or transfer any assets" for one year.[2]

On June 15, 2003, the Defendant conveyed a mortgage in his Merrimack, New Hampshire, property to Digital Federal Credit Union ("DFCU"). In early 2005, the Defendant conveyed a second mortgage to DFCU in the amount of $30,000,[3] receiving the proceeds on March 28, 2005. (Def.'s Aff.) The mortgage was recorded on April 22, 2005. The Defendant apparently used the proceeds to pay bills and to generally support himself. (Id.) In his affidavit, the Defendant represented that, at or about the time of the second mortgage, he owed approximately $70,000 on the first mortgage. On October 14, 2005, the Defendant filed a voluntary Chapter 7 petition, and on October 31, 2005, he filed his schedules.

---

[2] The stipulation has been acknowledged by both parties in their pleadings regarding summary judgment and was attached as Exhibit B to the Plaintiff's motion to extend time to file a complaint, which is docket number 26 in the bankruptcy case.

[3] The Plaintiff alleges that the figure is approximately $29,984, and the Defendant states that he received approximately $30,000. For the sake of simplicity, the Court herein uses $30,000.

On Schedule D, the Defendant listed a mortgage to DCFU on a townhouse in the amount of $99,000 given on June 15, 2003. Additionally, Schedule A lists a single secured claim of $99,000 on a townhouse, and the Defendant's statement of financial affairs lists a $99,000 debt to DCFU. In response to questioning at the section 341 meeting held December 15, 2005, the Defendant acknowledged that there were in fact two mortgages on the Merrimack property given to DCFU and that he had received $30,000 when he conveyed the second mortgage. (Def.'s Ex. G.) During the course of the case, the Court granted the Plaintiff's motion to conduct a Rule 2004 examination of the Defendant. The Plaintiff commenced this adversary proceeding on June 26, 2006, and filed an amended complaint on July 24, 2006. In August 2006, the Defendant amended his schedules and statement of financial affairs to show the first mortgage in the amount of $75,000 and the second mortgage in the amount of $30,000.

## DISCUSSION

The Plaintiff's eight-count amended complaint seeks to deny the Defendant a discharge under various subsections of section 727. In his motion for summary judgment, the Plaintiff requests summary judgment on Count I, brought pursuant to section 727(a)(2)(A); Count III, brought pursuant to section 727(a)(3); and Count VI, brought pursuant to section 727(a)(5).

**I.      Count I**

Beginning with Count I, section 727(a)(2)(A) provides as follows:

> (a)  The court shall grant the debtor a discharge, unless—
>
>          . . . .
>
> (2)  the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
>          (A)  property of the debtor, within one year before the date of the filing of the petition[.]

11 U.S.C. § 727(a)(2)(A). The Plaintiff must prove by a preponderance of the evidence that (1) the Defendant transferred, removed, or concealed (2) his property (3) within one year of the petition date (4) with the intent to hinder, delay or defraud a creditor. Watman v. Groman (In re Watman), 458 F.3d 26, 32 (1st Cir. 2006) (citing Groman v. Watman (In re Watman), 301 F.3d 3, 7 (1st Cir. 2002), and FED. R. BANKR. P. 4005).

There is no dispute that the Merrimack property and the mortgage proceeds are the Defendant's property, or that the conveyance of the second mortgage occurred within one year before the petition date. The parties dispute whether the Defendant concealed the second mortgage and his receipt of the $30,000, and, if so, whether such concealment was done with the prohibited intent.

The Plaintiff argues that the Defendant concealed the second mortgage by not disclosing it in his bankruptcy schedules.[4] The Defendant responds that there was no concealment because he recorded the mortgage at the registry of deeds, thus disclosing the mortgage to the Plaintiff and the public. However, for purposes of section 727(a)(2)(A), there may be concealment even if a transfer or interest is recorded. See R.I. Depositors Econ. Prot. Corp. v. Hayes (In re Hayes), 229 B.R. 253, 257 (reversing with regard to the doctrine of continuing concealment, but not contradicting the bankruptcy court's "h[olding] that real estate interests may be 'concealed' within the meaning of § 727(a)(2)(A) even if they are reflected in public records"); Keeney v. Smith (In re Keeney), 227 F.3d 679, 684 (6th Cir. 2000) (noting that "a transfer made *and recorded* more than one year prior to filing may serve as evidence of the requisite act of concealment" under section 727(a)(2)(A)) (quoting Hughes v. Lawson (In re Lawson), 122 F.3d 1237,

---

[4] The Plaintiff also argues that the Defendant concealed the mortgage by not attending two scheduled depositions in violation of their signed agreement. By not attending the depositions, the Plaintiff reasons, the Defendant avoided being in a position in which he would either have to reveal the second mortgage or lie. The Defendant admits that he failed to appear but claims that he never received subpoenas. Whether the Defendant received notice of the depositions is a disputed fact that the Court need not resolve, as the Plaintiff has proven his case under section 727(a)(2)(A) based on other facts in the record. The Court notes, however, that the Defendant was held in contempt by a New York state court for failure to comply with the Plaintiff's subpoena to attend a deposition. (Ct. Doc. No. 26 in bankruptcy case, Pl.'s Ex. C.)

1240 (9th Cir. 1997)) (emphasis added); see also Brown v. Third Nat'l Bank (In re Sherman), 67 F.3d 1348, 1354 (8th Cir. 1995) (for purposes of section 548(a)(1), which is similar in language to section 727(a)(2)(A), stating, "That the transfers were recorded as a matter of public record does not absolve the debtors from their duty to truthfully disclose these transactions on their bankruptcy schedules.").

We may now proceed to whether there has in fact been an act of concealment, i.e., did the Defendant "place assets beyond the reach of creditors or withhold knowledge of assets by failing or refusing to divulge information to which creditors were entitled?" In re Hayes, 229 B.R. at 259. Within months of agreeing with the Plaintiff not to encumber or transfer any assets, the Defendant granted a second mortgage on his house and received $30,000. That $30,000, whether in the form of equity in the home or in the form of cash, is an asset that was placed beyond the reach of the Defendant's creditors. The Defendant has even shredded all documents that would reveal what he did with the $30,000.[5] When the Defendant failed to list the second mortgage in his bankruptcy schedules, he failed to divulge information to which his creditors were entitled. Further, the Defendant admitted to the second mortgage at the section 341 meeting held December 15, 2005, but he waited until August 2006—approximately eight months later, and after the Plaintiff filed this adversary proceeding—to amend his schedules and statement of financial affairs to list the second mortgage. The Court finds that the Defendant concealed his transfer of the second mortgage and his receipt of the $30,000.

The Defendant denies that his failure to disclose the second mortgage was done with the intent to hinder, delay, or defraud a creditor, but that stress and over-medication prevented him from properly completing and reviewing his schedules before filing them with the Court. The Defendant offers no evidence in support of this position. While proving intent on summary judgment is challenging, the record contains sufficient facts to prove that the Defendant concealed assets with the intent to at least hinder the Plaintiff. Intent to hinder, delay, or defraud may be proved, even on summary judgment, by

---

[5] The Defendant claims he shreds his documents because he is paranoid of identity theft. Whether this is true and is a valid excuse does not change the fact that the documents have been shredded.

circumstantial evidence, and the Defendant cannot defeat summary judgment by setting forth "conclusory allegations, improbable inferences, and unsupported speculation." Marrama v. Citizens Bank of Mass. (In re Marrama), 445 F.3d 518, 522 (1st Cir. 2006) (citation and quotations omitted). When the undisputed facts are viewed in a light most favorable to the Defendant, the only conclusion is that the reason the Defendant concealed the second mortgage was to hinder, delay, or defraud his creditors, namely, the Plaintiff. The facts speak for themselves. In September 2004, the Plaintiff won an approximately $350,000 judgment against the Defendant, after which the Plaintiff immediately began to seek payment. In October 2004, the parties executed an agreement whereby the Defendant, for consideration, agreed not to transfer or encumber any of his assets. A few months later, in March 2005, the Defendant transferred a mortgage, further encumbering the Merrimack property and removing equity from the property. In October 2005, the Defendant filed his bankruptcy petition and schedules in which he repeatedly listed a single mortgage with DFCU in the amount of $99,000. He even listed the exact date on which that mortgage was given, June 15, 2003. In order to report a total of $99,000, he had to add his first mortgage of approximately $70,000 with his second mortgage of approximately $30,000. Listing the exact date of the first mortgage and adding the two mortgages together indicate that the Defendant completed his petition with deliberation and the intent to at least hinder the Plaintiff. The Court does not believe that the Defendant—a bankruptcy attorney—forgot or inadvertently overlooked the fact that only months before he had received a cash infusion of $30,000, all the while acutely aware that at least one of his creditors, the Plaintiff, was keen on getting paid. If this is not the case, the Defendant has presented no evidence indicating otherwise.

**II.     Count III**

Count III alleges that the Defendant's discharge should be denied under section 727(a)(3), which provides:

(a) The Court shall grant the debtor a discharge, unless—

> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. § 727(a)(3).  Although the Defendant admits to an extraordinary amount of prepetition and post-petition document shredding, he blames his actions on his being paranoid of identity theft.  Given the last clause of section 727(a)(3), whether the Defendant is in fact paranoid of identity theft and if that paranoia justifies his actions are genuine issues of material fact that preclude the granting of summary judgment on Count III.  The Court acknowledges, though, that the Defendant's shredding was extensive and, in light of his concealment of the second mortgage, more than a little suspicious.

### III.     Count VI

Count VI seeks denial of a discharge pursuant to section 727(a)(5), which provides:

> (a)  The Court shall grant the debtor a discharge, unless—
>
> (5)  the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]

11 U.S.C. § 727(a)(5).  The Plaintiff alleges that the Defendant has failed to account for the proceeds from the second mortgage as well as another $19,000 withdrawn from the Defendants bank accounts.  The Defendant explains that he used the money to pay bills and expenses, and he lists many of his regular expenses.  Whether his explanation is credible is a genuine issue of material fact that precludes the granting of summary judgment on Count VI.  See Indian Head Nat'l Bank v. Mitchell (In re Mitchell), 74 B.R. 457, 462 (Bankr. D.N.H. 1987).

### CONCLUSION

For the foregoing reasons, the Plaintiff's motion for summary judgment is granted with respect to Count I of his amended complaint, and denied with respect to Counts III and VI.  Pursuant to Fed. R. Civ. P. 54(b) (made applicable by Fed. R. Bankr. P. 7054(a)), the Court determines that there is no just reason for delay and directs the entry of a final judgment with respect to Count I.  The Defendant's Chapter 7

discharge is denied pursuant to section 727(a)(2)(A).  The trial scheduled for February 1, 2007, is cancelled, and a status conference, if necessary, shall be held on <u>May 1, 2007, at 1:00 p.m., in Bankruptcy Courtroom 1, 11th Floor, 1000 Elm Street, Manchester, New Hampshire</u>.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue an order and a final judgment consistent with this opinion.

     DATED this 26th day of January, 2007, at Manchester, New Hampshire.

                                              <u>/s/ Mark W. Vaughn</u>
                                              Mark W. Vaughn
                                              Chief Judge